UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK **05 CIV 10197**

- - - - - - - - - -

JANINE GORDON, p/k/a JAHJAH and      :
FLASH              Case No.:
              Plaintiff,    :    ECF Case

     - against -          **JUDGE DANIELS**
                     JURY TRIAL DEMANDED

UNIVERSAL MUSIC GROUP, INC.    :
2220 Colorado Avenue
Santa Monica, CA 90404;               F I L E D

INTERSCOPE RECORDS, INC.            DEC 0 5 2005
INTERSCOPE RECORDS, LLC.
2220 Colorado Avenue
Santa Monica, CA 90404;            USDC WP SDNY

SHADY RECORDS, Inc.           :
151 Lafayette Street
New York, NY 10003;          :

G-UNIT RECORDS, INC.           :
3000 Marcus Avenue
Lake Success, NY 11042;        :

CURTIS JACKSON, p/k/a 50 Cent;      :

ANDRE YOUNG, p/k/a DR. DRE.

         Defendants.      :

- - - - - - - - - - - - - X

## COMPLAINT

Plaintiff Janine Gordon professionally known as ("p/k/a")

JahJah, and Flash, by and through her attorneys, Cooper & McCann,

LLP, as and for her complaint against defendants Universal Music

Group, Inc. ("Universal"), Interscope Records, Inc., Interscope

Records, LLC (collectively "Interscope"), Shady Records, Inc., G-Unit Records, Inc., Curtis Jackson, p/k/a 50 Cent, and Andre Young, p/k/a Dr. Dre( collectively known as the "defendants"), alleges as follows:

### NATURE OF THE CASE

1. Plaintiff is a well known photographer with work in the Whitney Museum of American Arts catalogue and engagements through-out the world. She is also an up-and-coming Hip-Hop artist. Over the past 5 years, plaintiff has composed numerous original musical works in the Hip-Hop genre, including "Poppin at Da Club", "Crazy Dreams", and "Hardcore".

2. This action for copyright infringement arises out of defendants' deliberate and unauthorized copying, publication, dissemination and exploitation of plaintiff's publicly released compositions entitled "Poppin at Da Club","Crazy Dreams", and "Hardcore" (also referred to herein as the "original works") in connection with a highly successful album jointly released by all defendants entitled "The Massacre" which includes three songs that copy the original works and are entitled "Disco Inferno", "This is How We Do", and "Candy-Shop".

3. "Poppin at Da Club","Crazy Dreams", and "Hardcore" are all original works of authorship and copyrighted subject matter under

the laws of the United States, and published in conformity with the Copyright Act and all laws governing copyrights.

4. "Poppin at Da Club","Crazy Dreams", and "Hardcore" are original works which have been registered with the United States Copyright Office.

5. At all times relevant to this complaint, plaintiff has been and still is the owner of all rights, title and interest in and to the original works.

## JURISDICTION AND VENUE

6. This action arises under the Copyright Act of 1976, 17 U.S.C §§ 101 et seq.(the "Copyright Act"). This Court has subject matter jurisdiction based upon federal questions, pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1).

7. Venue is proper in this district pursuant to 28 U.S.C §§ 1391 (b)(c) and 1400.

8. Upon Information and belief, this Court has personal jurisdiction over defendants pursuant to New York Civil Practice Law and Rules §§ 301 and 302(a) because, among other things, defendants are located in New York and/or regularly transact, do and/or solicit business within the State.

9. At all times relevant to this action, plaintiff was a resident of New York, and continues to reside in New York.

10.   Upon information and belief, at all relevant times, defendant Universal was and still is a corporation organized and existing under the laws of California with a place of business in the State and County of New York and regularly transacts business in New York.

11. Upon information and belief, at all times relevant to this action, defendant Interscope Records, Inc. was and still is a corporation organized and existing under the laws of the State of Delaware with a place of business in the State and County of New York and regularly transacts business in New York.

12. Upon Information and belief, at all times relevant to this action, defendant Interscope Records, LLC was and still is a limited liability company organized and existing under the laws of the State of Delaware with a place of business in the State and County of New York and regularly transacts business in New York.

13. Upon information and belief, at all times relevant to this action, defendant Shady Records, Inc. was and still is a corporation organized and existing under the laws of the State of New York with a place of business in the State and County of New York.

14. Upon information and belief, at all times relevant to this action, defendant G-Unit Records, Inc. was and still is a

corporation organized and existing under the laws of the State of New York with a place of business in the State and County of New York.

15.   Upon information and belief, at all times relevant to this action, 50 Cent, a musical performer, was and still is a resident of Connecticut, and regularly transacts business in New York.

16.   Upon information and belief, at all times relevant to this action, defendant Young, a musical performer, was and still is a resident of California, and regularly transacts business in New York.

AS AND FOR A
FIRST CAUSE OF ACTION

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 above as if set forth in full herein.

18. At all times relevant hereto, plaintiff has been and still is the owner of the copyrights to the original works, and has never assigned, licensed or otherwise transferred her copyrights to defendants or dedicated them to the public.

19. In or about early 2005, defendants jointly released an album entitled "The Massacre" (the "Album").

20. Upon information and belief, defendants, with knowledge of plaintiff's ownership of the copyright in and to the song, "Poppin at the Club" willfully infringed upon plaintiff's rights by intentionally copying substantial portions of the original work, and included those portions in the song entitled "Disco Inferno", which appears on the Album, and in other media forms.

21. Upon information and belief, beginning in or about 2004 and continuing thereafter, defendants, with knowledge of plaintiff's ownership of the copyright in and to the "What's Poppin At the Club" further willfully infringed upon plaintiff's rights by reproducing, displaying, manufacturing, distributing, promoting, advertising and selling their infringing work without the permission, license or consent of plaintiff.

22. Upon information and belief, defendants also caused portions of the song "What's Poppin at The Club" to be broadcast on the radio, television and in other media an unknown amount of times, reaching millions of listeners and viewers worldwide.

23. The conduct of defendants as alleged in this complaint was never authorized, licensed, permitted or ratified by plaintiff or by any of her agents.

24. The aforesaid acts and conduct of defendants are, and unless enjoined, will continue to be, in violation of the Copyright Act.

25. As a result of defendants' copyright conduct as alleged above, plaintiff has been and continues to be substantially injured and is entitled to (a) preliminary and permanent injunctive relief restraining defendants from further publication, unauthorized copying and misappropriation of plaintiff's copyrighted works;(b) damages in an amount to be determined at trial, but not less than $10,000,000.00 (c) statutory damages (d) the defendants' profits attributable to their infringement (e) the recall and destruction of all infringing copies of defendants' work (f) the cost of this action; and (g) expenses of this action, including attorneys' fees.

AS AND FOR A
SECOND CAUSE OF ACTION

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 above as if set forth in full herein.

27. At all times relevant hereto, plaintiff has been and still is the owner of the copyrights to the original works, and has never assigned, licensed or otherwise transferred her copyrights to defendants or dedicated them to the public.

28. In or about early 2005, defendants jointly released an album entitled "The Massacre"(the "Album").

29. Upon information and belief, defendants, with knowledge of plaintiff's ownership of the copyright in and to the songs,

"Crazy" and "Hardcore", willfully infringed upon plaintiff's rights by intentionally copying substantial portions of the original works, and included those portions in the songs entitled "This is how we do" and " Candy-shop", which appear on the Album, and in other media forms.

30. Upon information and belief, beginning in or about 2004 and continuing thereafter, defendants, with knowledge of plaintiff's ownership of the copyright in and to the songs "Crazy" and "Hardcore" further willfully infringed upon plaintiff's rights by reproducing, displaying, manufacturing, distributing, promoting, advertising and selling their infringing work without the permission, license or consent of plaintiff.

31. Upon information and belief, defendants also caused portions of the songs "Crazy" and "Hardcore" to be broadcast on the radio, television and in other media an unknown amount of times, reaching millions of listeners and viewers worldwide.

32. The conduct of defendants as alleged in this complaint was never authorized, licensed, permitted or ratified by plaintiff or by any of her agents.

33. The aforesaid acts and conduct of defendants are, and unless enjoined, will continue to be, in violation of the Copyright Act.

34. As a result of defendants' copyright conduct as alleged above, plaintiff has been and continues to be substantially injured and is entitled to (a) preliminary and permanent injunctive relief restraining defendants from further publication, unauthorized copying and misappropriation of plaintiff's copyrighted works (b) damages in an amount to be determined at trial, but not less than $10,000,000.00 (c) statutory damages (d) the defendants' profits attributable to their infringements (e) the recall and destruction of all infringing copies of defendants' work (f) the cost of this action; and (g) expenses of this action, including attorneys' fees.

<u>DEMAND FOR RELIEF</u>

WHEREFORE, plaintiff requests the following relief:

(a) That this Court enter preliminary injunctive relief enjoining and restraining defendants, their officers, directors, employees, agents, licensees, servants, successors and assigns, any and all persons in active concert or participation with any of them, from the manufacture, production, publication, display, distribution, advertising of, sale, dissemination or broadcast of any work that infringes upon plaintiff's copyright in and to the original works in any form;

(b) That this Court enter an order adjudging that defendants have willfully infringed upon plaintiff's copyright in and to the

original works and award plaintiff actual or statutory damages under the Copyright Act;

(c) That this Court enter preliminary and permanent injunctive relief enjoining and restraining defendants, their officers, employees, agents, licensees, servants, successors and assigns, and any and all persons in active concert or participation with any of them, from distributing "Disco Inferno", "This is How We Do", "Candy-Shop" in any form;

(d) That this Court require defendants to disgorge and to account to plaintiff for any and all profits derived by defendants from the manufacture, production, publication, distribution, advertisement, sale, transfer or other exploitation of the original works;

(e) That this Court require defendants to: (i) recall all advertisements, promotional materials, records and any other form of media that defendants sell or distribute using plaintiff's copyrighted work "Poppin at Da Club","Crazy Dreams", "Hardcore"; and destroy all such materials and deliver to plaintiff an affidavit swearing that such materials were destroyed under proper and appropriate safeguards;

(f) That this Court award plaintiff damages against defendants in an indeterminate amount not less than the sum of $20,000,000.00;

(g) That this Court award treble damages pursuant to 15 U.S.C § 1117(a);

(h) That plaintiff be awarded her reasonable attorneys' fees and costs under the Copyright Act against defendants;

(i) That defendants be required to file with Court and to serve on plaintiff, within thirty (30) days after the service of the Court's order as herein demanded, a report in writing, under oath setting forth in detail the manner and form in which it has complied with the Court's order; and

(j) That this Court grant, such other and further relief as this Court seems just and proper, including interest and costs and disbursements of this action.

Dated: December 5, 2005
      Elmsford, New York

                Respectfully Submitted,

                Cooper & McCann, LLP

By: _____
                Gary G. Cooper (4245)
                COOPER & McCANN, LLP
                Attorneys for Plaintiff
                Five West Main Street
                Elmsford, New York 10523
                (914) 347-5555